478 So.2d 1128 (1985)
FLORIDA FREEDOM NEWSPAPERS, INC., Appellant,
v.
Robert R. DEMPSEY, As Commissioner, and Steve Glazebrook, As Special Agent Supervisor, Florida Department of Law Enforcement, Appellees.
No. BG-319.
District Court of Appeal of Florida, First District.
November 15, 1985.
*1129 William A. Lewis of Sale, Brown & Smoak, Panama City, for appellant.
Rodney E. Gaddy, Deputy Gen. Counsel, and Judith D. Landis, Asst. Gen. Counsel, Florida Dept. of Law Enforcement, Tallahassee, for appellees.
ZEHMER, Judge.
Florida Freedom Newspapers, Inc. (Florida Freedom), seeks review of the trial court's order denying its petition for writ of mandamus, motion for expedited discovery, and motion for in-camera inspection pursuant to the public records statutes in chapter 119. We modify the order and affirm.
In November 1984 the Bay County sheriff wrote a letter to the Florida Department *1130 of Law Enforcement (FDLE) requesting an investigation into the disappearance from his department of approximately $12,600. The money had been seized as evidence in a theft case. On November 28, 1984, appellee Glazebrook, a special agent supervisor, assigned agent Rowell to the case and Rowell commenced an investigation.
Subsequently the city editor of the Panama City News-Herald, a newspaper published by Florida Freedom, made an oral request to FDLE for access to its investigative file. After receiving an unsatisfactory response, the city editor made a written request for the investigation file, which FDLE denied.
On March 21, 1985, petitioner's counsel wrote to FDLE requesting access to the file pursuant to section 119.07, Florida Statutes (Supp. 1984). FDLE's counsel responded that he had reviewed the file and it was exempt from disclosure under section 119.07(3)(d). Petitioner's counsel sent a second letter on March 29, 1985, requesting more specific reasons for the denial. FDLE's counsel responded by letter that the information requested was exempt from disclosure because it was part of an "active criminal investigation" as defined in sections 119.011(3)(b) and (3)(d)2, Florida Statutes (1983).
The instant litigation was filed shortly thereafter to enforce rights claimed by the newspaper under chapter 119. The petition for writ of mandamus and accompanying motions sought inspection, examination, and copying of the requested documents, and attorney's fees and costs as authorized by section 119.12, Florida Statutes (Supp. 1984). Following an evidentiary hearing, the trial court declined to grant the newspaper any relief.
On appeal Florida Freedom first argues that FDLE had the burden of proving an exemption under the statute. FDLE concedes that the agency claiming an exemption bears the burden of proving the right to an exemption, and we agree. But we find no reversible error on this point. At the hearing Florida Freedom, as petitioner, proceeded with its case first and called agent Rowell as its witness. The evidence elicited on his direct examination was sufficient to establish that the requested information was the subject of an "active criminal investigation."
For its second point, Florida Freedom argues that, regardless of who bears the burden of proof, the trial judge erred during the hearing by unduly restricting Florida Freedom's questioning about the status of FDLE's investigation. To understand this contention we must first review the pertinent provisions of chapter 119. Section 119.07(3)(d) states:
Active criminal intelligence information and active criminal investigative information are exempt from the provisions of subsection (1).
Section 119.011(3)(b) reads:
"Criminal investigative information" means information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance.
Section 119.011(3)(d)2 provides that "active" shall have the following meaning:
Criminal investigative information shall be considered "active" as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.
No arrests or charges had been made pursuant to the investigation, and appellant was apparently trying to establish that the investigation was either no longer active or was not being conducted in good faith. Florida Freedom's counsel was permitted to ask if there were any suspects at the inception of the investigation and learned there were none. The court, however, did not permit answers to questions concerning subsequent identification of suspects. The newspaper argues that lack *1131 of suspects would tend to impeach the claim of "good faith anticipation of securing an arrest or prosecution in the foreseeable future" and establish that the material is not "active criminal investigative information." We do not agree that this conclusion necessarily follows. There is no fixed time limit for naming suspects or making arrests other than the applicable statute of limitations. This particular investigation had been in progress only four and a half months, and the fact that the investigators might not yet have decided upon a suspect does not necessarily imply that the investigation fails to meet the statutory requirements of good faith and anticipation of prosecution in the foreseeable future.
Florida Freedom also complains that its questions regarding when the money was taken and exactly where the money was located were proper because they sought to elicit information excluded by section 119.011(3)(c)1 from the statutory definition of criminal investigative information.[1] But we find no error in the trial court's so limiting the questioning. Section 119.011(3)(c)1, being the provision specifically relied on by appellant, speaks only in terms of "the time, date, location, and nature of a reported crime" (emphasis added), and relates to information furnished or reported when the matter is first turned over to the criminal justice agency for investigation; it does not encompass information subsequently developed during the investigation prior to the arrest or public charging of an individual. This is clear from a reading of section 119.011(3)(c) as a whole. The type information excluded from the definition of "criminal investigative information" by that section clearly falls into three categories: One, information concerning the crime as reported to the criminal justice agency showing the date, location, and nature of the crime (subparagraph 1); two, information identifying a victim (with a single exception) and a person arrested for the reported crime whenever that information becomes known or occurs (subparagraph 2); and three, information described in the remaining provisions of that section (subparagraphs 3 through 6) which is required to be furnished only after there has been an arrest or public charge made, such as the time, date, and location of the incident and arrest, the crime charged, information required by law to be given to the arrested person, and copies of the information or indictment filed against such person (with the exception noted).
These three categories manifestly exclude any requirement to furnish information about the offense as it is developed during the investigation (except the identity of the victim) before an arrest is made or a charge is publicly filed. No doubt the legislature fully comprehended that disclosure of the status of a criminal investigation by requiring production of particular information developed during its progress would often impede the development of new leads and prevent successful conclusion of the investigation and the arrest of the offender. We see no need for a philosophical discussion of whether to give the exemptions defined in section 119.011(3)(c) a narrow or broad construction, see, e.g., Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (Fla. 4th DCA 1985), since we rest our decision on a rather literal reading of the statutory language.
The trial court essentially ruled that questions concerning the facts of the case during the course of the investigation and investigative decisions based thereon were statutorily protected and would not be permitted. *1132 We find no error in this application of the statute. On the other hand, we do agree that information disclosing the time, date, location, and nature of the crime is discoverable to the extent it was included in the report or document referring the matter to FDLE and which served as the basis for initiating this investigation. While ordinarily this would be an offense report, in this case the investigation was initiated by the letter from the sheriff. To the extent this letter contains information falling within the first subparagraph of section 119.011(3)(c), it should be produced and made available to Florida Freedom. Other information in the letter not falling within the terms of this subsection remains exempt, however, and may be excised before production of the letter. § 119.07(2)(a), Fla. Stat. (Supp. 1984). The appealed order is modified to require production of this limited information.
Whether in-camera inspection of the requested files was necessary in this instance was discretionary with the trial judge. § 119.07(2)(b), Fla. Stat. (Supp. 1984). After reviewing the record, we find no abuse of discretion in his denying such inspection.
As modified, the order of the court below is AFFIRMED.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Section 119.011(3)(c), Florida Statutes (1983), provides:

"Criminal intelligence information" and "criminal investigative information" shall not include:
1. The time, date, location, and nature of a reported crime;
2. The name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s. 119.07(3)(h);
3. The time, date, and location of the incident and of the arrest;
4. The crime charged;
5. Documents given or required by law or agency rule to be given to the person arrested; and
6. Informations and indictments except as provided in s. 905.26.