Honorable Hugo D. Menendez Secretary Department of Labor and Employment Security The Berkeley Building Suite 200 2590 Executive Center Circle, East Tallahassee, Florida 32399-2152
Dear Secretary Menendez:
You have asked the following question:
 MAY COMPLAINTS FROM EMPLOYEES OF THE DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY RELATING TO DEPARTMENTAL INTEGRITY AND EFFICIENCY BE CONSIDERED CRIMINAL INTELLIGENCE INFORMATION OR CRIMINAL INVESTIGATIVE INFORMATION FOR PURPOSES OF EXEMPTION FROM DISCLOSURE UNDER THE PUBLIC RECORDS LAW?
You state that "[i]n the interest of combatting any possible waste, fraud, abuse, corruption or other problems that might affect the integrity and efficiency" of the Department of Labor and Employment Security, you are establishing a "whistle-blower system." Under the system "[a]ny employee wishing to make a complaint will be able to direct his or her correspondence directly to me at a post office box, without going through supervisory channels." You further state that you wish to assure anonymity for employees filing a complaint. You therefore wish to hold such complaints "in confidence."
You suggest that the proposed "whistle-blower" system is consistent with s. 112.3187, F.S. (1986 Supp.), the "Whistle-blower's Act of 1986," and that complaints filed by department employees should be considered criminal intelligence information or criminal investigative information for purposes of Ch. 119, F.S., the Public Records Law. Finally, you have enclosed a list of various statutory provisions administered or enforced by the department which contain criminal penalties.
Section 119.011(1), F.S., defines "public records" to encompass
 all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
This definition has been judicially construed to include any material prepared in connection with agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. Interoffice and intraoffice memoranda communicating information from one public employee to another are also included within this definition. Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980).
Section 119.07(1), F.S., provides that every person having custody of a public record shall permit the record to be inspected and examined by any person desiring to do so at reasonable times under reasonable conditions. This office has consistently expressed the view that reports received by an agency in connection with the transaction of official business are open to public inspection in the absence of an applicable statutory exemption, notwithstanding the sender's designation of such reports as confidential. See, e.g., AGO 71-394. See also, Browning v. Walton, 351 So.2d 380 (4 D.C.A.Fla., 1977) (information furnished to public agency on basis of confidentiality was public record in absence of applicable exemption).
Under the system described in your letter, employee complaints concerning the integrity and efficiency of the department would be sent to a post office box. It nevertheless appears that, without regard to the address to which such complaints are directed, the complaints would be received by you in your capacity as Secretary of the department. Therefore, such complaints constitute "documents . . . received . . . in connection with the transaction of official business" by the department pursuant to s. 119.011(1), F.S.
Accordingly, I am of the view that complaints from department employees relating to departmental integrity and efficiency fall within the definition of "public records" pursuant to s.119.011(1) and are subject to the disclosure requirement of s.119.07(1), F.S., in the absence of an applicable statutory exemption.
While the "whistle-blower" system described in your inquiry may be "consistent with the objective of the Whistle-blower's Act," s.112.3187, F.S. (1986 Supp.), that act on its face contains no exemption of any kind with respect to the Public Records Law, Ch.119, F.S. See, Wait v. Florida Power and Light Company,372 So.2d 420 (Fla. 1979) (every public record subject to disclosure unless exempted by specific statutory provision).
Section 119.07(3)(d), F.S., provides that "[a]ctive criminal intelligence information and active criminal investigative information are exempt" from the disclosure requirements of s.119.07(1), F.S. However, s. 119.011(3)(c), F.S., also provides that the terms "[c]riminal intelligence information" and "[c]riminal investigative information" shall not include "[t]he time, date, location, and nature of a reported crime;" "[t]he time, date, and location of the incident . . .;" and "[t]he crime charged. . . ."
This office has concluded that police crime and arrest reports are public records subject to public disclosure pursuant to s.119.07(1). In AGO 80-96 this office stated that "criminal intelligence information . . . does not relate to any actual crime which has been committed, but rather relates to intelligence information collected generally in an effort to anticipate criminal activity." Thus, the opinion concluded that crime and arrest reports relating to specific acts or omissions could not be considered criminal intelligence information. In addition, AGO 80-96 also concluded that "a report filed before the investigative process actually begins . . . could not be considered criminal investigative information." Accord, Florida Freedom Newspapers, Inc. v. Dempsey, 478 So.2d 1128, 1131 (1 D.C.A.Fla., 1985), holding that s. 119.011(3)(c) excludes from the definition of "criminal investigative information" information furnished or reported when the matter is first turned over to a criminal justice agency for investigation.
I am unable to conclude that the department's duties with respect to the administration and enforcement of certain statutory provisions with criminal penalties permits the designation of such employee complaints as "criminal intelligence information" or "criminal investigative information." Such complaints appear to be analogous to police crime reports in that they would constitute the initial report of problems which affect departmental integrity and efficiency and which may or may not include allegation of possible criminal violations. Thus, the complaints by the terms of ss. 119.011(3) and 119.07(3)(d), F.S., fall outside the scope of the exemption from disclosure accorded by s. 119.07(3)(d) to "[a]ctive criminal intelligence information and active criminal investigative information." A determination of the department's status as a "criminal justice agency" under s. 119.011(4), F.S., is therefore unnecessary to the proper resolution of your question.
SUMMARY
Therefore, I am of the opinion that complaints from employees of the Department of Labor and Employment Security relating to departmental integrity and efficiency are not criminal intelligence information or criminal investigative information exempted from disclosure under Ch. 119, F.S., the Public Records Law.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger
Assistant Attorney General