Honorable R.T. "Tim" Dobeck Sheriff Indian River County
QUESTION:
1. Are original crime reports which relate to ongoing, active cases exempt from disclosure pursuant to s. 119.07(3)(d), F.S. (1990 Supp.)?
2. If not, may a law enforcement agency delete from the crime report those portions which contain criminal investigative or criminal intelligence information?
SUMMARY:
A crime or incident report prepared by a law enforcement agency after a specific crime has been committed which contains information given during the initial reporting of the crime prior to the initiation of the investigation, does not constitute criminal investigative or intelligence information. If the report, however, contains information gathered during the criminal justice agency's investigation which qualifies as active criminal investigative information, such information may be deleted and the remainder of the crime or incident report disclosed.
You request clarification of AGO 80-96. That opinion considered two types of reports prepared by law enforcement officers — the crime or incident report which relates to a specific crime and which is prepared by a law enforcement agency after a crime has been committed but prior to the arrest of a suspect, and the arrest report prepared by the law enforcement agency after the arrest of the suspect. Your inquiry specifically concerns the first report — the crime or incident report.[1]
In AGO 80-96, this office concluded a crime report could not be considered to be criminal intelligence information since it was not collected in an effort to anticipate criminal activity.[2]
Nor could such a report constitute criminal investigative information since, as this office conceived of the investigative process, the report initiated the investigation into the crime which had been committed and was filed before the investigation. As your questions are interrelated, they will be answered together.
Section 119.07(3)(d), F.S. (1990 Supp.), exempts active criminal intelligence and active criminal investigative information from the disclosure requirements of Ch. 119, F.S.[3] Pursuant to s. 119.011(3), F.S.:
 (a) "Criminal intelligence information" means information with respect to an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity.
(b) "Criminal investigative information" means information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance.
(c) "Criminal intelligence information" and "criminal investigative information" shall not include: 1. The time, date, location, and nature of a reported crime. 2. The name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s. 119.07(3)(h). 4. The crime charged. 5. Documents given or required by law or agency rule to be given to the person arrested, except as provided in s. 119.07(3)(h), and, except that the court in a criminal case may order that certain information required by law or agency rule to be given to the person arrested be maintained in a confidential manner and exempt from the provisions of s. 119.07(1) until released at trial if it is found that the release of such information would: a. Be defamatory to the good name of a victim or witness or would jeopardize the safety of such victim or witness; and b. Impair the ability of a state attorney to locate or prosecute a codefendant. . . . 6. Informations and indictments except as provided in s.905.26. . . .
Criminal intelligence information, thus, relates to intelligence information collected generally in an effort to anticipate criminal activity. Criminal investigative information, however, refers to information compiled by a criminal justice agency in the course of conducting an investigation of a specific act or omission.
As stated by the court in Tribune Company v. Cannella,[4]
in considering the nature of criminal intelligence and investigative information:
Information filed before an investigative process begins cannot be criminal investigative information. Neither can such information be criminal intelligence information, which is information collected in an effort to anticipate criminal activity. (Emphasis supplied by court.)
As noted above, this office in AGO 80-96, cited by theCannella court, concluded a crime report could not be considered to be criminal intelligence information since it was not collected in an effort to anticipate criminal activity. Nor could such a report constitute criminal investigative information since, as this office conceived of the investigative process, the report initiated the investigation and was filed before the investigation. You state, however, that the reporting of the crime, not the crime or incident report, initiates the investigation and that the crime report prepared by your law enforcement officers contains information obtained by the officers' in conducting their investigation.
While there are on standardized crime or incident report forms, such reports would appear to constitute the written record of the reporting of the crime. This office in AGO 80-96, recognizing that there are no standardized forms for such reports, indicated that the items mentioned in s. 119.011(3)(c), F.S.[5] would appear to constitute a fairly succinct outline of the type of information contained in such a report. Other information given during the reporting of the crime might also be included.
To the extent, however, that criminal justice agencies include other information obtained during the investigation of the incident on such a form, such information may well qualify as exempt from disclosure pursuant to s. 119.07(3)(d), F.S. (1990 Supp.), as criminal investigative information as that term is defined in s. 119.011(3), F.S. Such an investigation would appear to begin at the point the law enforcement officers begin their inquiry into the incident.[6]
The exemption in s. 119.07(3)(d), F.S. (1990 Supp.), for criminal investigative and intelligence information, as stated by the courts, represents "a codification of the common law Police Secrets Rule developed by the Florida courts to exempt police investigatory and intelligence information from public disclosure."[7] The purpose of the exemption is limited — "to prevent premature disclosure of information when such disclosure could impede an ongoing investigation or allow a suspect to avoid apprehension or escape detection."[8]
Thus, information contained in a crime or incident report which reflects information given during the initial reporting of the crime would not ordinarily constitute criminal investigative or intelligence information. On the other hand, if the crime or incident report contains information compiled during theinvestigation of the crime by the criminal justice agency, such information may well qualify as criminal investigative information. The fact that such information is contained in a crime or incident report does not change the nature of the information or the applicability of the exemption.
Similarly, the fact that the crime or incident report may contain criminal investigative or intelligence information does not mean that the entire report is exempt from disclosure. Section119.07(2)(a), F.S. (1990 Supp.), requires the custodian of that document to delete or excise only that portion or portions of the record for which an exemption is asserted and to provide the remainder of the record for examination.
The determination as to whether a crime or incident report merely reflects the information given during the reporting of the crime or whether criminal investigative information may be contained therein is one which, at least initially, the criminal justice agency must make. The criminal justice agency, however, in claiming that certain information is exempt, bears the burden of proving that the information was given during the investigative process.[9]
RAB/tjw
[1] This office has consistently stated that arrest reports are subject to disclosure. See, AGO's 80-96, 77-125 and authorities cited therein. Cf., s. 119.105, F.S. (1990 Supp.) (police reports are public records unless made exempt or confidential by law provided that no person who inspects or copies such reports for the purpose of obtaining the names and addresses of victims of crimes or accidents shall use the information contained therein for any commercial solicitation of the victims or their relatives); AGO 90-80.
[2] Your inquiry does not concern "tips" which may be received by a law enforcement agency concerning possible criminal activity. Such information if contained in a police file would appear to qualify as criminal intelligence information as information if collected by the agency in an effort to anticipate, prevent or monitor criminal activity. It is active as long as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to the detection of an ongoing or reasonably anticipated criminal activities. See, s.119.011(3)(b) and (d)2., F.S., respectively, The crime report, however, under consideration in the instant inquiry, refers to the report prepared by a law enforcement agency on a specific crime that has been committed.
[3] See, s. 119.07(1)(a), F.S. (1990 Supp.), requiring the custodian of public records to permit the records to be inspected and examined by any person at reasonable times, under reasonable conditions, and under supervision of the custodian or his designee. And see, s. 119.01(3)(d), F.S., defining "active" for purposes of the exemption for active criminal intelligence or investigative information.
[4] 438 So.2d 516, 523 (2 D.C.A. Fla., 1983), reversedon other grounds, 458 So.2d 1075 (Fla. 1984), appealdismissed, 105 S.Ct. 2315 (1985).
[5] E.g., the time, date, location, and nature of the reported crime; the name, sex, age, and address of the victim of a crime except as provided s. 119.07(3)(h), F.S.
[6] See, Palm Beach Daily News v. Terlizzese, Case No. CL-91-3954-AF (15th Jud. Cir.Ct. Palm Beach Co., April 5, 1991), in which the court held that the newspaper was not entitled under Ch. 119 to inspect the complete and uncensored incident report, including the investigating officer's narrative report of the interview with the victim since such information was exempt from inspection pursuant to s. 119.07(3)(d), F.S., as criminal investigative information and s. 119.07(3)(h), F.S., providing an exemption for the name of victims of sexual battery.
[7] Tribune Company v. Cannella, 438 So.2d 516, 523 (2 D.C.A. Fla., 1983), reversed on other grounds, 458 So.2d 1075
(Fla. 1984), appeal dismissed, 105 S.Ct. 2315 (1985).
[8] Cannella, supra; Tribune Company v. Public Records, 493 So.2d 480, 483 (2 D.C.A. Fla., 1986).
[9] See, Florida Freedom Newspapers, Inc. v. Dempsey,478 So.2d 1128 (1 D.C.A. Fla., 1985). And see, s. 119.12(1), F.S., which provides that if a civil action is filed against an agency to enforce the provisions of Ch. 119, F.S., and if the court determines that the agency unlawfully refused to permit a public record to be inspected or copied, the court shall
assess and award against the agency responsible, the reasonable costs of enforcement including attorneys' fees. Attorneys' fees are recoverable even where access is denied on a good faith but mistaken belief that the documents were exempt from disclosure. News and Sun-Sentinel Company v. Palm Beach County, 517 So.2d 743
(4 D.C.A. Fla., 1987); Times Publishing Company, Inc. v. City of St. Petersburg, 558 So.2d 487 (2 D.C.A. Fla., 1990).