Ms. Regina Bushkin Attorney Broward County Sheriff's Department Post Office Box 9507 Fort Lauderdale, Florida 33310
Dear Ms. Bushkin:
You have asked for my opinion on substantially the following question:
Is a deputy's event report which describes the events leading up to and surrounding the examination of an adult individual under Part I, Ch. 394, F.S., "The Florida Mental Health Act," a public record?
In sum:
A deputy sheriff's event or incident report prepared after a specific crime has been committed which contains information given during the initial reporting of the crime, and which is filed with the law enforcement agency as a record of that event, is not confidential pursuant to Part I, Ch. 392, F.S., moreover, such an event report is a public record subject to inspection and copying pursuant to Ch. 119, F.S.
You have advised this office that the deputy's event report is completed following a particular incident and is filed with the law enforcement agency as a record of the action taken by the deputy.
Part I, Ch. 394, F.S. (1992 Supp.), is "The Baker Act,"[1]
Florida's mental health act. The Baker Act provides for voluntary or involuntary examination and treatment of mentally ill persons. Pursuant to s. 394.463(2), F.S. (1992 Supp.), a person may be taken to a receiving facility[2] for involuntary examination if there is reason to believe that he is mentally ill and has refused voluntary examination or is unable to determine for himself whether examination is necessary. A determination must be made that, without care or treatment, the person is likely to suffer from neglect or refuse to care for him or herself or that there is substantial likelihood that without care or treatment serious bodily harm to that person or others may result.[3]
An involuntary examination may be initiated under a number of circumstances. Section 394.463(2)(a)2., F.S. (1992 Supp.), provides that:
A law enforcement officer shall take a person who appears to meet the criteria for involuntary examination into custody and deliver him or have him delivered to the nearest receiving facility for examination. The officer shall execute a written report detailing the circumstances under which the person was taken into custody, and the report shall be made a part of the patient's clinical record.[4]
For purposes of the Baker Act a "[l]aw enforcement officer" includes "any city police officer, officer of the Florida Highway Patrol, sheriff, deputy sheriff, correctional probation officer, or university police officer."[5] Thus, a deputy sheriff who is involved in an involuntary examination pursuant to s. 394.463(2), F.S., is required to complete a written report, a form for which has been drafted and is designated HRS-MH 3052-A, and this "Report of Law Enforcement Officer" is included in the patient's clinical record.[6] Clinical records for patients are specifically made confidential and exempt from the provisions of the Public Records Law by s. 394.459(9), F.S. (1992 Supp.).[7]
In addition, law enforcement agencies which receive information from patient's clinical records are required to "maintain such information as confidential and exempt from the provisions of s.119.07(1) as provided herein."[8] As this office pointed out in AGO 90-80, there is a distinction between information which has been received and records which are made by an agency.[9] You have advised me that your inquiry does not relate to the Report of Law Enforcement Officer form discussed above, but to a written incident or event report prepared by a deputy sheriff for filing with the sheriff's office as a record of the deputy's actions.
Thus, your question relates to documents or information generated by the law enforcement agency which would not be confidential pursuant to s. 394.459(9), F.S., as part of the clinical record for a patient received by a law enforcement agency, or s.394.463(2)(a)2., F.S. (1992 Supp.), as the Report of Law Enforcement Officer.
In AGO 91-74 this office considered a similar situation and determined that a crime or incident report which has been prepared by a law enforcement agency after a specific crime has been committed would not generally be considered confidential or exempt under the Public Records Law. That opinion determined that a crime or incident report would not fall within the scope of the statutory exemption for either criminal investigative or intelligence information.
Criminal intelligence information relates to intelligence information collected generally in an effort to anticipate criminal activity[10] while criminal investigative information refers to information compiled by a criminal justice agency in the course of conducting an investigation of a specific act or omission.[11] However, a crime report cannot be considered to be criminal intelligence information since it is not collected in an effort to anticipate criminal activity. Nor could such a report be considered criminal investigative information since the information contained in s. 119.011(3) , F.S., would appear to constitute a fairly succinct outline of the type of information contained in such a report[12] and these are specifically excluded from the definition of "criminal investigative information."
However, while information contained in a crime or incident report which reflects information given during the initial reporting of the crime would not ordinarily constitute criminal investigative or intelligence information, if the report contains information compiled during the investigation of the incident by the criminal justice agency, such information may qualify as criminal investigative information.[13] Section 119.011(3)(b), F.S., defines "[c]riminal investigative information" as:
[I]nformation with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports or investigators or informants, or any type of surveillance.
The fact that this information is contained in an event or incident report does not change the nature of the information or the applicability of the exemption provided by s. 119.07(3)(b), F.S.
However, the fact that the crime or event report may contain criminal investigative information does not mean that the entire report is exempt from disclosure. Section 119.07(2)(a), F.S. (1992 Supp.), requires that the custodian of the document delete or excise only that portion of the record for which an exemption is asserted and to provide the remainder of the record for examination.
Finally, the determination of whether a deputy's event or incident report merely reflects the information given during the reporting of the crime or whether criminal investigative information is contained therein is one which the criminal justice agency must make. However, the criminal agency, in claiming that certain information is exempt, bears the burden of proving that the information was given during the investigative process.[14]
Therefore, it is my opinion that a deputy's event report filed regarding an incident occurring pursuant to s. 394.463, F.S., is not confidential either as part of the patient's clinical file or as a Report of Law Enforcement Officer under Ch. 394, F.S.
However, portions thereof which represent criminal investigative information as defined in s. 119.011(3)(b), F.S., are exempted from the disclosure requirements of the Public Records Law. When the sheriff's office determines that criminal investigative information is contained in a deputy's event report, the custodian of these records should delete or excise only the exempt portion and produce the remainder of the report for examination and copying.
Sincerely,
Robert A. Butterworth Attorney General
RAB/trh
[1] Section 394.451, F.S.
[2] Section 394.455(8), F.S. (1992 Supp.), defines a "[r]eceiving facility" as "a facility designated by the department to receive patients under emergency conditions or for psychiatric evaluation and to provide short-term treatment, and also means a private facility when rendering services to a private patient pursuant to the provisions of this act. However, the term `receiving facility' does not include a county jail."
[3] Section 394.463(1)(b), F.S. (1992 Supp.).
[4] The statutes define "[c]linical record" to mean "all parts of the record required to be maintained and includes all medical records, progress notes, charts, admission and discharge data, and all other information recorded by a facility which pertains to the patient's hospitalization and treatment." See, s. 394.455(18), F.S. (1992 Supp.).
[5] Section 394.455(14), F.S. (1992 Supp.).
[6] And see, Rule 10E-5.047(1), F.A.C., providing as follows with regard to the involuntary examination of civil patients:
(b) Law enforcement officer's report.
1. A person who appears to meet the criteria for involuntary examination shall be taken into custody and delivered to the nearest receiving facility by a law enforcement officer.
2. The officer shall complete the "Report of Law Enforcement Officer" (HRS-MH 3052-A Sept 84, incorporated by reference). The report shall be made a part of the patient's clinical record.
(2) Transportation for Involuntary Examination.
(b) The law enforcement officer shall execute a written report detailing the circumstances under which the person was taken into custody. This report shall be made a part of the patient's clinical record.
(3) The first part of the involuntary examination shall include at a minimum the following elements, which shall be documented in the patient's record:
(a) A thorough review of any observations and the person's recent behavior as described in the completed "Report of Law Enforcement Officer" (HRS-MH 3052-A).
(c) A review of the affidavit accompanying the ex parte order, HRS-MH 3052-A . . . .
[7] And see, Rule 10E-5.038, F.A.C., relating to confidentiality of clinical records of patients.
[8] Section 394.459(9)(f), F.S. (1992 Supp.).
[9] See, AGO 90-80 which discusses the exemption of police reports and other records which are generated, as opposed to received by, a public agency.
[10] See, s. 119.011(3)(a), F.S.
[11] See, s. 119.011(3)(b), F.S.
[12] Section 119.011(3) , F.S., provides that "[c]riminal intelligence information" and "criminal investigative information" shall not include:
1. The time, date, location, and nature of a reported crime.
2. The name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s. 119.07(3)(h).
3. The time, date, and location of the incident and of the arrest.
4. The crime charged.
5. Documents given or required by law or agency rule to be given to the person arrested, except as provided in s. 119.07(3)(h), and, except that the court in a criminal case may order that certain information required by law or agency rule to be given to the person arrested be maintained in a confidential manner and exempt from the provisions of s. 119.07(1) until released at trial if it is found that the release of such information would:
a. Be defamatory to the good name of a victim or witness or would jeopardize the safety of such victim or witness; and b. Impair the ability of a state attorney to locate or prosecute a codefendant. (e.s.)
[13] See, AGO 91-74 ("To the extent . . . that criminal justice agencies include other information obtained during the investigation of the incident on such a form, such information may well qualify as exempt from disclosure pursuant to s.119.07(3)(d), F.S. (1990 Supp.), as criminal investigative information as that term is defined in s. 119.011(3), F.S. Such an investigation would appear to begin at the point the law enforcement officers begin their inquiry into the incident.")
[14] See, Florida Freedom Newspapers, Inc. v. Dempsey,478 So.2d 1128 (1 D.C.A. Fla., 1985). And see, s. 119.12(1), F.S., which provides that a civil action is filed against an agency to enforce the provisions of Ch. 119, F.S., and if the court determines that the agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award against the agency responsible, the reasonable costs of enforcement including attorneys' fees. Attorneys' fees are recoverable even where access is denied on a good faith but mistaken belief that the documents were exempt from disclosure. News and Sun-Sentinel Company v. Palm Beach County 517 So.2d 743 (4 D.C.A. Fla., 1987); Times Publishing Company, Inc. v. City of St. Petersburg, 558 So.2d 487 (2 D.C.A. Fla., 1990).