Mr. John K. McClure Attorney for Highlands County Clerk of Courts 425 South Commerce Avenue Sebring, Florida 33870
Dear Mr. McClure:
On behalf of the Honorable L.E. "Luke" Brooker, Clerk of Courts, Highlands County, Florida, you ask substantially the following questions:
1. Does the statutory exemption provided in section 1, Chapter 95-170, Laws of Florida, apply to personnel of local governments whose responsibilities include revenue collection or enforcement, or does it apply only to personnel of local governments whose responsibilities include revenue collection and enforcement?
2. If the exemption provided in section 1, Chapter 95-170, Laws of Florida, extends to revenue collection alone, does the exemption apply to personnel employed by the office of the clerk of the court?
3. If the exemption applies to those whose responsibilities include revenue collection only, does the exemption extend to those whose responsibilities for revenue collection are supervisory in nature only and who do not directly collect revenue?
In sum:
1. The exemption afforded by section 1, Chapter 95-170, Laws of Florida, applies to personnel of local governments whose responsibilities include revenue collection and enforcement.
2. and 3. In light of the response to Question One, it is not necessary to respond to Questions Two and Three.
According to your letter, your inquiry is prompted by a request to inspect certain records maintained by the clerk's office. An individual has requested salary and personnel data on certain key personnel within the clerk's office, as well as documents reflecting compliance with equal opportunity employment laws.
Section 119.07(1)(a), Florida Statutes, requires the custodian of public records to permit the inspection and copying of such records "by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee." During the 1995 legislative session, section 119.07(3)(k)1., Florida Statutes, was amended to read in relevant part:
The home addresses, telephone numbers, social security numbers, and photographs of . . . personnel of the Department of Revenue or local governments whose responsibilities include revenue collection and enforcement or child-support enforcement . . . are exempt from the provisions of subsection (1). . . .[1] (e.s.)
Section 119.07(3)(k), Florida Statutes, was subsequently renumbered as section 119.07(3)(I), Florida Statutes.
In setting forth the purpose of such exemption,[2] the act provides:
The exemption from section 119.07(1), Florida Statutes, provided in section 1 of this act is a public necessity because release of this information would jeopardize the safety and welfare of Department of Revenue or local government personnel whose responsibilities include revenue collection or enforcement or child-support enforcement and the safety and welfare of their families and would impede such departmental and local government personnel in carrying out their official duties. The release of this information would in no way benefit the public or aid it in monitoring the effective or efficient operation of government. Therefore, the harm that would result from the release of this information outweighs any public benefit that might result therefrom.[3] (e.s.)
The title to the act states that the act provides an exemption for certain personal information relating to the Department of Revenue or local government personnel "whose responsibilities include revenue collection or enforcement or child-support enforcement[.]"
While the title to the act and statement of purpose use the term "revenue collection or enforcement," the language of the statute itself provides "revenue collection and enforcement." You therefore ask whether the exemption should be construed as including personnel whose duties include both revenue collection and enforcement or whether the exemption should be read to encompass those personnel whose duties include only revenue collection or only revenue enforcement.
As a general rule of construction, the plain language of the statute will prevail in the absence of evidence of a contrary legislative intent.[4] Only when the meaning of the language is unclear will the court resort to the recitals in or title of a statute to ascertain the intent of the Legislature.[5] However, it is a fundamental principle that statutes should be construed to effectuate the Legislature's intent.
An examination of the legislative history surrounding the bill indicates that the amendment to section 119.07(3), Florida Statutes, was added to the bill when the bill was being discussed on the floor of the Legislature.[6] A similar provision contained in Senate Bill 972 provided an exemption for Department of Revenue personnel whose responsibilities required personal contact with the public for purposes relating to tax administration or child support enforcement.
In construing the Public Records Law, the courts have held that while the Public Records Law is to be liberally construed in favor of open government, exemptions from disclosure are to be narrowly construed.[7] Moreover, Article I, section 24, Florida Constitution, in providing a constitutional right of access to government records, states that any exemption of records by the Legislature "shall be no broader than necessary to accomplish the stated purpose of the law. . . ."[8] (e.s.)
Thus, the public policy favoring open records must be given the broadest possible expression and an agency claiming an exemption from disclosure bears the burden of proving the right to an exemption.[9]
In light of the above and until this matter is clarified by the Legislature or the courts, the exemption created by section 1, Chapter 95-170, Laws of Florida, should be narrowly construed and read in accordance with the plain meaning of the statute. The word "and," therefore, should be given its ordinary meaning as a conjunction.[10] Thus the amendment refers to personnel who are responsible for both tax revenue collection and enforcement.
Accordingly, I am of the opinion that until legislatively or judicially clarified, the exemption afforded by section 1, Chapter 95-170, Laws of Florida, applies to personnel of local governments whose responsibilities include revenue collection and enforcement.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 1, Ch. 95-170, Laws of Florida.
[2] See, Art. I, s. 24(c), Fla. Const., providing that while the Legislature may provide by general law for an exemption from the access provisions to public records contained in subsection (a), "such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law."
[3] Section 2, Ch. 95-170, supra.
[4] See, e.g., City of Miami Beach v. Galbut, 626 So.2d 192 (Fla. 1993) (where statute is clear and unambiguous, court will not look behind statute's plain language for legislative intent); Cohen v. Florida Department of Law Enforcement, 654 So.2d 1058 (Fla. 1st DCA 1995) (where language of statute is unambiguous, statute should be accorded its plain and ordinary meaning).
[5] See generally, 82 C.J.S. Statutes ss. 349 and 350.
[6] See, Senate Journal, Vol. I, p. 231.
[7] See, e.g., Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988); Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), pet. for review denied sub nom., Gillum v. Tribune Company,503 So.2d 327 (Fla. 1987); Bludworth v. Palm Beach Newspapers, Inc.,476 So.2d 775 (Fla. 4th DCA 1985), review denied, 488 So.2d 67 (Fla. 1986). See also, Southern Bell Telephone and Telegraph Company v. Beard, 597 So.2d 873, 876 (Fla. 1st DCA 1992) (Public Service Commission's determination that statutory exemption for proprietary confidential business treatment should be narrowly construed and did not apply to company's internal self-analysis was "consistent with the liberal construction afforded the Public Records Act in favor of open government").
[8] See, Art. I, s. 24(c), Fla. Const. 
[9] See, Lorei v. Smith, 464 So.2d 1330 (Fla. 2d DCA 1985), review denied, 475 So.2d 695 (Fla. 1985); Florida Freedom Newspapers, Inc. v. Dempsey, 478 So.2d 1128, 1129 (Fla. 1st DCA 1985).
[10] See, Webster's Third New International Dictionary And p. 80 (unabridged ed. 1981) (along with or together with); 3A C.J.S. And (denotes joinder, a union; while "and" sometimes construed as "or" to effectuate intent of Legislature, such construction is never resorted to except for strong reasons such as to effectuate manifest intent of the user and where not to do so would result in an absurdity or would be tantamount to a refusal to correct a mistake). Compare, Dotty v. State, 197 So.2d 315 (Fla. 4th DCA 1967) (while "or" is disjunctive participle that generally marks alternatives, there are instances in which "or" is equivalent to copulative conjunction "and") with Queen v. Clearwater Electric, Inc., 555 So.2d 1262, 1263 (Fla. 2d DCA 1989) ("and" may sometimes be construed as "or"). And see, Pompano Horse Club v. State, 111 So. 801 (Fla. 1927) (there are instances in which conjunctive "or" is equivalent to copulative conjunction "and").