PER CURIAM.
Michael Barfield appeals an order denying a petition seeking public records from the Tallahassee Police Department. The trial court concluded that an email and attachment forwarded to TPD that alleged an incident of domestic violence were exempt from disclosure under the Public Records Act (PRA), because they related to an active and ongoing criminal investigation. See § 119.071(2)(c)l, Fla. Stat. We reverse because some of the information contained in the documents was within the part of the statute excluding the “time, date, location, and nature of a reported crime” from the exemption, and should have been made available to Mr. Barfield. § 119.011(3)(c)l, Fla. Stat. See also Fla. Freedom Newspapers v. Dempsey, 478 So.2d 1128, 1132 (Fla. 1st DCA 1985).

Background

On October 25, 2014, the general counsel at Florida State University sent an email and attachment of a screenshot of a Face-book post to TPD Chief, Michael DeLeo and requested that he take steps to investigate an incident of domestic violence. The Facebook post included information giving the date and time of the alleged domestic violence and photos of bruised body parts. TPD quickly assigned an investigator and victim advocate to the matter, which involved an FSU football player. On October 27, 2014, TPD issued a press release acknowledging that it was investigating “an alleged domestic battery involving Karlos Williams”; that an investigation was initiated on October 25, 2014; and that the details of the case could not be released under “Florida Law” because it was “an active on-going investigation.”
Later that same day, Mr. Barfield sent a public records request via email to TPD’s Public Information Officer, requesting “[a]ny record involving Karlos Williams that was generated as a result of an incident that occurred on or about Wednesday, October 22, 2014.” The email re *241 quested that, if TPD determines any part of an otherwise responsive record is exempt from public release, it should provide a written response detailing the statute and reasons for concluding that the record is exempt. On October 28, 2014, Mr. Bar-field followed up on his public records request by threatening legal action if the records were not provided by the next morning. On October 29, Mr. Barfield filed an emergency petition for writ of mandamus and an emergency motion requesting an immediate hearing pursuant to § 119.11(1), Florida Statutes. The trial court granted the motion and held a hearing on November 3, 2014, after which it denied the petition. It found that the information sought by Mr. Barfield was “the subject of an active and ongoing criminal investigation and therefore exempt from production pursuant to section 119.071(2)(c)l of the Florida Statutes.” Mr. Barfield appealed.

Analysis

We review the question of what constitutes a public record de novo, resolving any doubt as to whether a public record is subject to disclosure in favor of disclosure. Morris Pub’g Group, LLC v. Florida Dept. of Educ., 133 So.3d 957, 959-60 (Fla. 1st DCA 2013).
There is no dispute that this case involves a public record.[1] And while “active criminal investigative information”[2] is considered exempt from public records disclosure requirements, see § 119.071(2)(c)l, Fla. Stat., the statute expressly excludes “[t]he time, date, location, and nature of a reported crime” from the exemption. § 119.011(3)(c)l, Fla. Stat. We covered the same ground in Dempsey, holding that “information disclosing the time, date, location, and nature of the crime is discoverable to the extent it was included in the ... document referring the matter ... and which served as the basis for initiating this investigation.” Dempsey, 478 So.2d at 1132. We noted further that “[o]ther information in the letter not falling within the terms of [section 119.011(3)(c)l] remains exempt, however, and may be excised before production of the letter.” Id. (citing § 119.07(2)(a), Fla. Stat. (Supp. 1984)); see also City of Riviera Beach v. Barfield, 642 So.2d 1135, 1137 (Fla. 4th DCA 1994) (affirming trial court’s ruling requiring partial disclosure of letter containing non-exempt information under section 119.011(3)(c)l).
Here, the Facebook post attached to the general counsel’s email reported the date, time, and nature of a crime to TPD within the meaning of section 119.011(3)(c)l. TPD then initiated an investigation based on this email. The decision in Dempsey thus controls and required TPD to disclose at least some of the information included in the email and attachment in response to Mr. Barfield’s public records request. See § 119.07(l)(a), Fla. Stat. (“Every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any *242 reasonable time, under reasonable conditions, and under supervision by the custodian of the public records.”).
Accordingly, we reverse the denial of Mr. Barfield’s petition for writ of mandamus and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BENTON and OSTERHAUS, JJ., and LESTER, DON H., Associate Judge, concur.

. Section 119.011(12) defines “public records” as:
[A]ll documents, papers, letters ... or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.

. Section 119.01 l(3)(b) defines “criminal investigative information” as:
[Ijnformation with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance.