WENTWORTH, Judge.
Appellant seeks review of an order which granted appellee’s motion for summary judgment and denied appellant’s petition for mandamus to compel the production of certain records. We affirm on the basis that the provisions of section 119.07(l)(a), Florida Statutes, regarding the inspection and examination of public records do not apply to examination answer sheets, which are exempted under section 119.07(3)(c), Florida Statutes.
At the commencement of the hearing in this case the parties agreed to certain facts as revealed by the pleadings and other materials filed with the court. Appellant is employed at a county detention center as a sergeant, and he applied for a promotion to a lieutenant position. Several other individuals also applied for this position, and a three-member Lieutenant Assessment Center was created to process the applications. Each applicant was given essay questions and an oral interview. The interview consisted of ten questions which were asked of each applicant in the presence of three Assessment Center members. Each member completed a rating sheet as to each applicant, scoring the responses as high, medium, or low.
Appellee was not promoted to the lieutenant position, and sought copies of all of the rating sheets. These materials were furnished with deletions; under a section of the rating sheets entitled “Oral Exam Questions (Response Summary)” certain material was blacked out. Appellant sought to compel the production of unedited copies of the rating sheets. The deposition of an Assessment Center member which was filed with the court indicates that the questions were developed by the members for this particular interview. It further indicates that the rating sheets were used as worksheets to assist the members in evaluating the applicants and did not contain applicants’ answers “per se,” but rather included “summary responses ... interpretations of what the applicant had said.”
Counsel presented argument as to whether the edited material constitutes examination answers exempted from the provisions of section 119.07(l)(a). The court granted summary judgment for appellee, subsequently entering an order preserving *837 appellant’s right to review his own examination, but denying the petition for a writ of mandamus.
Section 119.07(l)(a) establishes the right of public inspection and entitlement to copies of public records. However, section 119.07(3)(c) provides an exemption from the provisions of subsection (1) for:
Examination questions and answer sheets of examinations administered ... for the purpose of licensure, certification, or employment....
The ratings sheets here in question were prepared in connection with an assessment process for the purpose of selecting applicants for employment as a lieutenant. Although appellant was already employed as a sergeant, this assessment for promotion is within the employment process as contemplated by section 119.07(3)(c), and the oral questioning of appellant constitutes an examination under section 119.07(3)(c). It was a formalized procedure with identical questions asked of each applicant and “tested” the applicants’ response both as to style and content.
The statute does not impose any requirement as to who transcribes the answers. The record establishes that the rating sheets contained short summaries of the applicants’ answers, as well as the assessors’ impressions and grading of the responses. The statute does not expressly provide an exemption for such impressions and grading, and the edited copies of the rating sheets furnished to appellant did not delete all of this material. The edited portion under the “Oral Exam ... Response Summary” has not been revealed, and the content thereof may not be ascertained from the record. While the court could have conducted an in camera inspection, see State Department of Highway Safety v. Kropff, 445 So.2d 1068 (Fla. 3d DCA 1984), as suggested in appellee’s motion for summary judgment, appellant did not request such review. Although expressing some dispute as to the substance of the deleted material, appellant characterized the issue as essentially one of law and maintained that the ratings sheets are public records in their entirety.
After insuring that appellant was allowed to review his own completed examination as provided by section 119.07(3)(c), the court engaged in discussion with counsel as to whether the remainder of the documents would be subject to discovery should appellee file a discrimination action. The possibility of discovery should not govern whether the documents are characterized as public records subject to inspection under section 119.07. However, the court’s final order is not predicated on this circumstance, and such inquiry does not negate the determination that portions of the rating sheets are exempt under section 119.-07(3)(c) as employment examination answer sheets. The court thus properly granted summary judgment and denied mandamus.
Affirmed.
ERVIN and BOOTH, JJ., concur.