DANIEL, JAMES H., J., Associate Judge.
 

 This appeal concerns whether Appellee City of High Springs (hereinafter the City) violated the Public Records Act by redacting questions and answers from a pre-employment polygraph report before releasing it to Appellant (hereinafter Rush). The trial court found that the City had properly redacted the material pursuant to section 119.071(l)(a), Florida Statutes (2010). This provision exempts from the Public Records Act any examination questions and answers prepared and received by a government agency for the purpose of employment. Given the plain meaning of the language contained in the exemption, we agree with the trial court that the City properly redacted the questions and answers from this particular pre-employment polygraph examination.
 

 The City ordered the report in question as part of the pre-employment process for a candidate applying to become a reserve police officer. The examiner conducted the polygraph and released a three-page report to the City. The first two pages of the report detailed some of the questions asked and answers given during the examination, as well as the examiner’s observations of the applicant’s demeanor. The third page contained the results of the examination, which the examiner indicated were “inconclusive.”
 

 Rush then filed several public records requests related to the report, initially requesting only the “results” section of the report and later requesting the “comments and findings” section. In response to these requests, the City redacted the questions and answers from the report, claim
 
 *1110
 
 ing they were exempt from the Public Records Act pursuant to section 119.071(l)(a). It then released the redacted report to Rush.
 

 Rush disagreed with the City’s decision to redact the report. After unsuccessfully trying to obtain the full report, she filed a four-count complaint demanding, among other things, that the City release the report in its complete, unredacted form. In the complaint, she claimed section 119.071(l)(a) was not meant to apply to pre-employment polygraphs. Both parties moved for summary judgment on each count of the complaint.
 

 Ultimately, the trial court agreed with the City that section 119.071(l)(a) covers those questions asked and the answers given during a pre-employment polygraph. For this reason, it granted summary judgment to the City on those counts of the complaint alleging it had improperly redacted the report.
 
 [1]
 
 Rush now appeals the order entering final judgment to the City on those counts.
 

 The question presented in the instant appeal is essentially one of statutory interpretation, namely whether the exemption to the Public Records Act contained in section 119.071(l)(a) applies to questions and answers contained in a pre-employment polygraph report. Because the issue is one of statutory interpretation, and the order on appeal is a grant of summary judgment, review is de novo.
 
 See Hill v. Davis,
 
 70 So.3d 572, 575 (Fla.2011);
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000).
 

 With respect to any question that involves statutory interpretation, “[legislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning.”
 
 See Fla. Dep’t of Children & Family Servs. v. P.E.,
 
 14 So.3d 228, 234 (Fla.2009). Courts are “without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.”
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984), quoting
 
 American Bankers Life Assurance Co. of Fla. v. Williams,
 
 212 So.2d 777, 778 (Fla. 1st DCA 1968). “Thus, if the meaning of the statute is clear then this Court’s task goes no further than applying the plain language of the statute.”
 
 GTC, Inc. v. Edgar,
 
 967 So.2d 781, 785 (Fla.2007).
 

 Section 119.071(l)(a) states:
 

 Examination questions and answer sheets of examinations administered by a governmental agency for the purpose of licensure, certification, or employment are exempt from section 119.07(1) and section 24(a), Article I of the State Constitution. A person who has taken such an examination has the right to review his or her completed examination.
 

 Rush argues that this Public Records Act exemption is inapplicable to the redacted portions of the pre-employment polygraph examination report, citing the maxim that exemptions to the Public Records Act should be narrowly construed and limited to their exact purpose.
 
 See Christy v. Palm Beach County Sheriff’s Office,
 
 698 So.2d 1365, 1366 (Fla. 4th DCA 1997);
 
 Tribune Co. v. Public Records, P.C.S.O.
 
 
 *1111
 

 No. 79-35504 Miller/Jent,
 
 493 So.2d 480, 483 (Fla. 2d DCA 1986);
 
 see also Bludworth v. Palm Beach Newspapers, Inc.,
 
 476 So.2d 775, 780 n. 1 (Fla. 4th DCA 1985) (stating that when in doubt as to an exemption’s application, a court should “find in favor of disclosure rather than secrecy”). However, there is nothing ambiguous about the language contained in this exemption and there is no reason for this Court to give it any construction, narrow or otherwise, beyond its plain meaning.
 

 Without limitation, the exemption applies to “examination questions and answer sheets of examinations administered by a governmental agency” for the purpose of “licensure, certification, or employment.” The exemption makes no distinction in its application as to the subject matter being tested, nor does its application depend upon what type of examination—written or oral—is being administered by the governmental agency. The exemption applies if a document (1) consists of examination questions or answers; (2)the questions or answers were part of an examination administered by a governmental agency; and (3) the examination was given for purposes of “licensure, certification, or employment.” It requires nothing more.
 

 Given this plain language, the trial court was correct in finding the exemption applied to the redacted questions and answers in this pre-employment polygraph report. The instant case provides a clear example of the exemption’s application. It is undisputed that the polygraph examination here was given by a governmental agency—the City—and was comprised of questions and answers. Moreover, deposition testimony indicated the polygraph examination was intended exclusively for employment purposes as the City required applicants for employment as reserve police officers to undergo such testing. Both the polygraph examiner and a representative from the City stated the polygraph tested the applicant’s ability to be honest and accurate, which they claimed were essential traits of law enforcement officers. The redacted questions and answers contained in the pre-employment polygraph report, therefore, fit each of the criteria given in section 119.071(l)(a).
 
 [2]
 

 It makes no difference that the polygraph report here contained a summary of pertinent questions and answers, rather than detailing each question and answer verbatim.
 
 See Dickerson v. Hayes,
 
 543 So.2d 836, 837 (Fla. 1st DCA 1989) (applying the exemption to short summaries of answers given by applicants to questions that were part of an oral examination administered for the purpose of determining promotion). Similarly, the exemption applies notwithstanding the fact that the City utilized a polygraph examiner employed by an outside law enforcement agency to actually perform the examina
 
 *1112
 
 tion. The exemption requires only that the examination be “administered” by a governmental agency, and the term “administer” has been defined as “to manage or supervise the execution, use or conduct of.”
 
 See Memamr-Webster’s Collegiate Dictionary
 
 16 (11th ed. 2003). Depending on the nature of the testing and the resources available to it, a government agency may very well require a third party to assist in the examination process, but the government agency is still “managing or supervising the execution, use or conduct of’ the examination.
 

 Despite its plain language, Rush argues that section 119.071(l)(a) applies only to pre-employment examinations that test an applicant’s technical knowledge or skills, and not to examinations — such as the polygraph in this case — that explore an applicant’s mental state or individual character traits. Rush maintains that the exemption was enacted to prevent prospective applicants from cheating on pre-employment examinations by looking at past questions and answers. She claims the release of questions and answers from examinations that test for mental capacity or character traits, instead of technical knowledge or skills, would in no way serve this purpose.
 

 However, the language of section 119.071(l)(a) does not limit its application to any certain type of examination or subject matter that might be explored in a pre-employment examination. And while the exemption certainly prevents other prospective applicants from gaining an edge in the employment application process through advance notice of test questions and possible answers, there is nothing in section 119.071(l)(a) that states that this is its exclusive purpose.
 

 Furthermore, this Court has extended coverage under section 119.071(l)(a) to examinations that test for more than purely the applicant’s skills or knowledge. In
 
 Dickerson,
 
 an unsuccessful applicant for promotion at a county detention facility requested copies of the “rating sheets” used to assess all of those that applied for a promotion.
 
 See
 
 543 So.2d at 836. The county provided the ratings sheets, but redacted the portion that contained a list of ten questions asked of each applicant and a summary of their responses. Id. at 836-837. In affirming the county’s decision to redact these portions of the records, this Court applied the precursor to section 119.071(l)(a), finding the redacted questions and answer summaries were part of an examination that “tested the applicants’ response both as to
 
 style and content.” Id.
 
 at 837 (emphasis added). In other words, the examination in
 
 Dickerson
 
 focused not only upon the applicants’ technical skill or knowledge (“content”), but also upon personal character traits reflected in the manner in which the applicants expressed themselves (“style”).
 

 Rush also claims that the exemption should not apply because the polygraph examiner testified that he utilized a standardized exam called the Law Enforcement Pre-Employment Test (hereinafter LEPET) to develop the redacted questions. The parties do not dispute that the LEPET is available to the general public through the internet and other sources. Rush contends, therefore, that the polygraph examination in this case should be considered public record. However, the polygraph examiner provided additional testimony that he relied on the LEPET primarily to determine the proper sequence in which he should ask questions during the polygraph (i.e. asking an irrelevant question first to catch an applicant off-guard) and that he included only some of the suggested questions contained in the LEPET. The examiner also testified that, consistent with his usual practice, he developed his own questions for this particu
 
 *1113
 
 lar exam and tailored them to the applicant in this case based on the applicant’s pre-test admissions and information given by the applicant in a pre-test interview. In short, the polygraph examination here was unique to this applicant and has not become part of the public domain.
 

 The City’s decision to redact the portions of the polygraph report containing examination questions and answers was reasonably based on section 119.071(l)(a). A plain reading of this exemption shows that it applies to the redacted questions and answers contained in the pre-employment polygraph examinations given by the City. Accordingly, we find the trial court properly granted summary judgment to the City on those counts of the complaint alleging it had improperly redacted the report. The order entering final judgment in favor of the City on those counts is AFFIRMED.
 
 [3]
 

 PADOVANO and SWANSON, JJ., concur.
 

 [1]
 

 . The trial court went on to grant partial summary judgment to Rush, but only inasmuch as the complaint alleged that the City had unreasonably delayed in releasing the polygraph “results” to her. The record indicates the City released the page of the report containing the "results” prior to releasing the redacted version of the report. The trial court found the City's response was tardy, as over a week elapsed between the time that it received the report and the time that it released the “results” page. This portion of the trial court’s decision is not contested on appeal.
 

 [2]
 

 . This is not to say that section 119.071(l)(a) may be extended to the questions and answers in any polygraph report. Of note, the exemption does not extend to polygraph reports prepared in criminal investigations, which have been found to be public records subject to disclosure upon request. In
 
 Wisner v. City of Tampa Police Dep't,
 
 601 So.2d 296, 297-98 (Fla. 2d DCA 1992), the Second District determined that questions and answers from a polygraph given to an individual seeking to bring criminal charges were public record. Similarly, in
 
 Downs v. Austin,
 
 522 So.2d 931, 932-33 (Fla. 1st DCA 1988), this Court found that a polygraph of a criminal defendant could be released and examined by a co-defendant seeking to prepare a post-conviction motion. However,
 
 Wisner
 
 and
 
 Downs
 
 involved polygraphs prepared during criminal investigations and can thus be distinguished from the polygraphs described in section 119.071(l)(a), which are prepared "for the purpose of licensure, certification, or employment.”
 

 [3]
 

 . We recognize that Rush has also raised arguments concerning the timeliness and nature of the City's response to her public records requests, including whether the City properly identified an exemption justifying the eventual redactions. After considering these arguments, we reject them without further comment.