VAN NORTWICK, J.
Morris Publishing Group, Inc., challenges a final order denying its “emergency petition for a writ of mandamus or complaint for declaratory relief.” By this pleading Morris Publishing sought access to certain records maintained by the Florida Department of Education (DOE). Because we hold that these records are not exempt from disclosure pursuant to Florida’s public records law, we reverse.
On the authority of section 1012.34(3), Florida Statutes (2012), the DOE assesses *959 teachers by comparing the score a certain student is predicted to obtain on the Florida Comprehensive Assessment Test (the “FCAT”), administered under section 1008.22(3)(c), Florida Statutes (2012), with the FCAT score actually obtained by the student. The amount by which an actual FCAT score is greater than the predicted score is known as the “value added” by a given teacher. The “value added” measurement (VAM) for Florida teachers is documented by the DOE and is used in a teacher’s annual evaluation by local school districts pursuant to section 1012.34.
In October 2012, a reporter for The Florida Times-Union, a newspaper owned by Morris Publishing, made a public records request of DOE. Specifically, the newspaper sought the VAM for Florida teachers during the previous two years. This request was later amended to seek three years of VAM records. The Times-Union was seeking immediate release of VAM data. Florida statutory law provides for eventual release of VAM data following “the end of the school year immediately following the school year in which the evaluation was made.” § 1012.31(3)(a)2, Fla. Stat. (2012).
The DOE declined to produce those records. After some negotiating with the DOE and the Governor’s office, the newspaper filed in the circuit court for Leon County a pleading entitled “emergency petition for a writ of mandamus or complaint for declaratory relief.” The Florida Education Association (FEA) was allowed to intervene over the objection of the newspaper. A show cause order was issued, and the DOE and FEA responded.
After a hearing and after receiving proposed orders, the circuit court denied the requested relief. The circuit court found that under the plain meaning of section 1012.31(3)(a)2, which exempts teacher evaluations from public records disclosure, a VAM score is exempt because it is a teacher evaluation. The fact that the DOE collects the data and then distributes it to school systems is not a dispositive fact, reasoned the circuit court, citing Rush v. High Springs, 82 So.3d 1108 (Fla. 1st DCA 2012) and Ragsdale v. State, 720 So.2d 203 (Fla.1998). Further, the circuit court found that the fact that the VAM data is not a final evaluation is likewise not dis-positive. The circuit court reasoned that if the Legislature had intended to limit the exemption to a final evaluation, it would have said so in the statute, and that section 1012.31 would be rendered meaningless if VAM data was subject to disclosure. The circuit court ruled that VAM data is exempt from disclosure as a public record until the end of the school year immediately following the school year in which the evaluation was made.
The newspaper argues on appeal that the circuit court erred in allowing the FEA to intervene and in ruling that, pursuant to section 1012.31, VAM data is exempt from disclosure under Florida’s public records law, section 119.07(1), Florida Statutes (2012). As for the intervention issue, we find no merit in this argument and affirm without further comment. We cannot agree, however, with the circuit court’s construction of Florida’s public records law.
“The determination of what constitutes a public record is a question of law entitled to de novo review.” Media Gen. Convergence, Inc. v. Chief Judge of the Thirteenth Judicial Circuit, 840 So.2d 1008, 1013 (Fla.2003); State v. City of Clearwater, 863 So.2d 149 (Fla.2003). The Florida Constitution creates a broad right to inspect the records of any state or local governmental body. Article I, section 24(a) of the Florida Constitution provides “[e]very person ... the right to inspect or copy any public record made or received in *960 connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf. ...” Consistent with this constitutional mandate, the public records law is to be construed “liberally in favor of the state’s policy of open government.” Nat’l Collegiate Athletic Assoc. v. Associated Press, 18 So.3d 1201, 1206 (Fla. 1st DCA 2009). If there is any doubt as to whether a matter is a public record subject to disclosure, the doubt is to be resolved in favor of disclosure. Id. The State bears the burden of showing that requested material meets the statutory requirements for exemption from public disclosure. Lightbourne v. McCollum, 969 So.2d 326, 333 (Fla.2007).
Section 1012.31provides in pertinent part:
1012.31 Personnel files. — Public school system employee personnel files shall be maintained according to the following provisions:
[[Image here]]
(3)(a) Public school system employee personnel files are subject to the provisions of s. 119.07(1) [i.e., the public records act], except as follows:
[[Image here]]
2. An employee evaluation prepared pursuant to s. 1012.33, s. 1012.34, or s. 1012.56 or rules adopted by the State Board of Education or district school board under the authority of those sections shall be confidential and exempt from the provisions of s. 119.07(1) until the end of the school year immediately following the school year in which the evaluation was made. No evaluation prepared before July 1, 1983, shall be made public pursuant to this section.
[[Image here]]
(4) The term “personnel file,” as used in this section, means all records, information, data, or materials maintained by a public school system, in any form or retrieval system whatsoever, with respect to any of its employees, which is uniquely applicable to that employee whether maintained in one or more locations.
While section 1012.31(3)(a)2 provides that the evaluation of a public school teacher is not subject to disclosure under the public records law, it does not follow that any information or data used to prepare the evaluation is likewise exempt from disclosure. To so hold would be to expand an exclusion to the public records act beyond what was plainly intended by the Legislature, which a court may not do. See News-Press Publ’g Co. v. Wisher, 345 So.2d 646 (Fla.1977); News-Press Publ’g Co. v. Gadd, 388 So.2d 276 (Fla. 2d DCA 1980).
Furthermore, the VAM data, collected and collated by DOE, is not part of a given teacher’s evaluation until the data is sent to a teacher’s school system, which by statute is the agency which prepares the evaluation. Subsection 1012.34(3)(a) provides that a classroom teacher’s evaluation must be conducted at least once a year. This statute also provides that the assessment criteria in the evaluation additionally must include assessment of a teacher’s instructional practice based on evaluation criteria to be used when observing classroom teachers, instructional leadership, and professional and job responsibilities as adopted by the State Board of Education and local school boards. The VAM data is thus only one part of a larger spectrum of criteria by which a public school teacher is evaluated; it is not, by itself, the “employee evaluation.” Had the Legislature wanted any matter material to a teacher’s evaluation to be exempt from disclosure, the Legislature would have exempted personnel files as a whole. To the contrary, personnel files of public school teachers *961 are generally subject to disclosure. § 1012.31(3)(a), Fla. Stat. (2012). Only the “employee evaluation” is exempt from the provisions of section 119.07(1). Given the strong public policy in Florida in favor of public records disclosure under the State Constitution and section 119.07(1), we reverse. Nat’l Collegiate Athletic Ass’n, 18 So.3d at 1206.
CLARK and SWANSON, JJ., concur.