SLEET, Judge.
Michael Barfield appeals the trial court’s order denying declaratory relief and access to public records. He raises two issues on appeal. First, he argues that the trial court erred in concluding that several requested items contained in a School Board litigation report were exempt under section 119.071(l)(d), Florida Statutes (2012). Second, Barfield argues that the School Board policy of suspending an administrative investigation while a corresponding criminal investigation is pending does not preempt the statutory presumption that an administrative investigation is presumed inactive after sixty days.
As to the first issue, we reverse because the School Board failed to prove its burden of entitlement to the exemption under 119.071(l)(d). We affirm the second issue without further comment because the School Board offered uncontroverted evidence that it had a reasonable, good faith anticipation that an administrative finding would be made in the foreseeable future. See § 1012.31(3)(a)(l), Fla. Stat. (2012).
I.Barfield’s Public Records Request and Complaint
On March 27, 2013, Barfield made a written public records request via email for the unredacted version of a document titled “School Board of Manatee County, List of Current/Pending Closed Cases.” In his records request, Barfield requested the School Board provide in writing any exemption that it claimed for redactions made to any portion of the document.
On March 28, 2013, the School Board provided Barfield with the requested record, which contained numerous redactions. The first page of the redacted report stated: “WARNING: This memo contains material exempt from public disclosure Pursuant to Section 119.071(l)(d) Florida Statutes (2011). Do not disclose without consulting with the School Board Attorney.” The School Board’s attorney, John Bowen, offered to discuss any issue of exemption with Barfield.
Dissatisfied with the School Board’s response, Barfield conducted research on the School Board’s website concerning the minutes of School Board meetings in October 2012 and January 2013. He determined that two litigation matters involving School Board employees Hank Swick and Ricardo Hernandez, which had been redacted from the report, were concluded with a settlement agreement prior to his request for the records.
On April 9, 2013, Barfield filed his action for declaratory relief in which he alleged that the School Board violated the Public Records Act based upon the School Board’s alleged failure to provide a completely unredacted litigation report.[1] The trial court conducted an evidentiary hearing and an in camera review of the unredacted report. Thereafter, the court determined the School Board’s stated exemption was applicable and entered an order denying declaratory relief.
II. Standard of Review
Because this issue involves statutory construction, we review the trial court’s ruling de novo. See Wagner v. Orange Cnty., 960 So.2d 785, 787 (Fla. 5th DCA 2007).
III. The School Board Failed to Prove the Records Were Exempt
The public records law expressly states that “[i]t is the policy of this state that all state, county, and municipal rec *562 ords are open for personal inspection and copying by any person.” § 119.01(1), Fla. Stat. (2012). Accordingly, the public records law “is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose.” City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994). “[W]hen in doubt the courts should find in favor of disclosure rather than secrecy.” Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775, 779 n. 1 (Fla. 4th DCA 1985). The governmental agency claiming the benefit of an exemption bears the burden of proving its entitlement to the exemption. See Barfield v. City Ft. Lauder-dale Police Dep’t, 639 So.2d 1012, 1015 (Fla. 4th DCA 1994). An individual’s reason for requesting a public record is irrelevant. See Warden v. Bennett, 340 So.2d 977, 978 (Fla. 2d DCA 1976).
The School Board relied upon the exemption set forth in section 119.071(l)(d)(l), which provides in part:
A public record that was prepared by an agency attorney ... or prepared at the attorney’s express direction, that reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and that was prepared exclusively for civil or criminal litigation ... or that was prepared in anticipation of imminent civil or criminal litigation ... is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution until the conclusion of the litigation.
At the hearing the School Board attorney, John Bowen, testified that he provided a litigation report of pending and closed litigation to the School Board on a quarterly basis and such report contained a summary of the litigation and included his mental impressions and conclusions. He testified that the exemption did not apply to cases that were concluded and indicated it on the reports by a designation of “CASE CLOSED.” However, he was never asked by counsel for the School Board whether the Swick and Hernandez cases were open and pending at the time of Barfield’s records request. On cross-examination, Bowen admitted that both cases were concluded prior to Barfield’s request, but that he invited Barfield to contact him and “let [me] know if he disagrees with anything and that I would, I would consider those objections and basically did not refuse to give it to him.”
As the trial court’s order reveals, the basis for finding these records exempt was the fact that the School Board did not include the designation “CASE CLOSED” on these two cases. This cannot be reconciled with the testimony of the School Board attorney, which clearly demonstrated that these cases were concluded and the exemption did not apply. The operative language of the statute is “until the conclusion of the litigation.” The “CASE CLOSED” designation was not dispositive. Hence, the School Board, through its attorney, improperly shifted the burden of proof to Barfield to prove that the exemption did not apply. The School Board shouldered this burden at all times and failed to produce any evidence that these cases were pending and open and protected by the exemption when Barfield made his public records request. See Woolling v. Lamar, 764 So.2d 765, 768 (Fla. 5th DCA 2000) (“An agency asserting the benefit of an exemption has the burden of establishing its entitlement to that exemption.”). Accordingly, we reverse and remand for the trial court to order the School Board to disclose those records.
Affirmed in part and reversed in part.
DAVIS, C.J., and SILBERMAN, J., Concur.

. As noted above, the School Board presented sufficient evidence to demonstrate that the exemption applied to the records relating to the administrative investigation.