IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LAKE SHORE HOSPITAL
AUTHORITY, AND JACKSON
P. BERRY, INDIVIDUALLY
AND IN HIS OFFICIAL
CAPACITY AS LAKE SHORE
HOSPITAL AUTHORITY'S
CUSTODIAN OF RECORDS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4579

     Appellants,

v.

STEWART LILKER,

     Appellee.

_____/

Opinion filed July 8, 2015.

An appeal from the Circuit Court for Columbia County.
William F. Williams, Judge.

Janice L. Merrill of Marshall Dennehey Warner Coleman & Goggin, Orlando, for
Appellants.

Robert Earl Case, Jr., and Kris B. Robinson of Robinson, Kennon & Kendron,
P.A., Lake City, for Appellee.


PER CURIAM.

     Appellants claim the trial court erred in granting appellee's motion for

summary judgment upon finding that appellants violated the Public Records Act by

placing unreasonable restrictions on appellee's access to public records in appellants' custody. Because there were no disputed issues of material fact in this public records litigation, we conclude the trial court properly granted summary judgment in favor of appellee as a matter of law.

In Florida, access to public records is constitutionally guaranteed and enforced through the Public Records Act. Art. I, § 24(a), Fla. Const.; Ch. 119, Fla. Stat. (2013). See Promenade D'Iberville, LCC v. Sundy, 145 So. 3d 980, 983 (Fla. 1st DCA 2014); Rhea v. Dist. Bd. of Trs. of Santa Fe College, 109 So. 3d 851, 855 (Fla. 1st DCA 2013). Specifically, the Public Records Act declares that "[i]t is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person." § 119.01(1), Fla. Stat. (2013). Thus, "[e]very person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." § 119.07(1)(a), Fla. Stat. (2013). The Act "is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose." Barfield v. Sch. Bd. of Manatee Cnty., 135 So. 3d 560, 562 (Fla. 2d DCA 2014); Wooling v. Lamar, 764 So. 2d 765, 767 (Fla. 5th DCA 2000).

In this case, appellants claim the trial court erred in concluding that appellants placed unreasonable restrictions on appellee's access to public records in appellants' custody by only referring appellee to a website in response to his public records request. While there is authority supporting appellants' position that their duty under the Act can be met in this way if the request is solely for electronic access, appellee's request—which initially was for electronic access—was ultimately for actual paper copies (due to appellee's alleged difficulties with the website). Access to public records by remote electronic means is merely "an *additional* means of inspecting or copying public records." § 119.07(2)(a), Fla. Stat. (2013) (emphasis added). This additional means of access, however, is insufficient where the person requesting the records specifies the traditional method of access via paper copies.

In addition, appellants claim the trial court erred in finding that they violated the Public Records Act by restricting appellee's right to inspect and copy public records in appellants' possession between the hours of 8:30 a.m. and 9:30 a.m., Monday through Friday, with twenty-four-hour notice. The Act authorizes inspection and copying of public records at "any reasonable time." While the custodian may reasonably restrict inspection to those hours during which his or her office is open to the public, appellants have gone much further by limiting appellee's access to a single hour on weekday mornings. Clearly, this hampered

3

appellee's right to inspect the records in appellants' custody "at any reasonable time." Moreover, there is no authority allowing appellants to automatically delay production of records for inspection by imposing a twenty-four-hour notice requirement. See Tribune Co. v. Cannella, 458 So. 2d at 1075, 1079 (Fla. 1984) (holding that "an automatic delay, no matter how short, impermissibly interferes with the public's right, restrained only by the physical problems involved in retrieving the records and protecting them, to examine the records"). Accordingly, we conclude the trial court properly granted summary judgment in favor of appellee.

AFFIRMED.

RAY, SWANSON, and MAKAR, JJ., CONCUR.