WETHERELL, J.
In this public records case, the Department of Corrections and its Secretary (collectively “DOC”) appeal an order requiring them to “specify, on a redaction by redaction basis, the statutory exemption(s) asserted for each redaction made” in the records provided in response to Appellees’ public records request. We reverse for the reasons that follow.

Factual and Procedural Background

DOC provided heavily redacted records to Appellees in response to a public records request. See § 119.07(l)(d), Fla. Stat. (2014) (“A person who has custody of a public record who asserts that an exemption applies to a part of such record shall redact that portion of the record to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and copying.”). DOC also provided a standard form[1] with checkboxes identifying the various statutory exemptions relied upon for the redactions in the records. The form did not, however, specify which exemption applied to which redaction.
After DOC refused to specify the particular exemption relied upon for each redaction, Appellees filed a complaint for injunc-tive and mandamus relief pursuant to chapter 119, Florida Statutes, to compel DOC to provide this information. Counsel for Appellees candidly acknowledged to the trial court that the purpose of the suit was not to get unredacted or less-redacted copies of the requested records, but rather it was “to get the principle established” that each redaction must be accompanied by an annotation identifying the exemption upon which the redaction is based.[2]
The trial court promptly held a hearing on the complaint and thereafter issued an order denying the relief sought by Appel-lees. The order explained:
The records produced by [DOC] are redacted in many places. [DOC] provided a form identifying five possible statutory exemptions for each redaction, without specifying which exemption(s) applied to which redaction.... [Appellees] argue[ ] the public records law requires that specificity. [DOC] say they complied with the public records law by identifying the exemption applicable to the record .... The Court agrees with [DOC] and declines to rule that as a matter of *1145 law that a requestor of public records is entitled to the specific exemptions relied upon for each redaction in every circumstance.
(emphasis in original). Four months later, the trial court reconsidered its initial ruling sua sponte and granted the relief requested in the complaint. The order memorializing this ruling stated:
[T]he Court holds that, as a matter of law[,] an agency, as defined in section 119.011(2), Florida Statutes, is required, in response to a Chapter 119, Florida Statutes, public records request, to specify, on a redaction by redaction basis, the statutory exemptions) asserted for each redaction made in a responsive document.[3] If one singular exemption applies to every redaction made in a responsive document the agency only need indicate that. In the event there is a statutory exemption asserted, and the agency asserts that, by identifying that specific exemption, it will in and of itself violate the law, the agency may so indicate.
(emphasis added). And, based on this ruling, the trial court ordered DOC to identify, on a redaction-by-redaction basis, the specific statutory exemption claimed for each redaction in the records provided in response to Appellees’ public records request.
This timely appeal followed.

Analysis

On appeal, DOC contends that the trial court’s initial ruling was correct and that the court’s final ruling was’erroneous because the Public Records Act does not require agencies to specifically identify the statutory exemption relied upon for each redaction on a redaction-by-redaction basis. We agree.
Because the issue framed by this appeal is one of statutory interpretation, our standard of review is de novo. See Rush v. High Springs, 82 So.3d 1108, 1110 (Fla. 1st DCA 2012).
The Public Records Act is to be construed liberally in favor of the state’s policy of open government. See Bd. of Trustees, Jacksonville Police & Fire Pension Fund v. Lee, 189 So.3d 120, 125 (Fla. 2016) (quoting Lightbourne v. McCollum, 969 So.2d 326, 332-33 (Fla.2007)); Nat’l Collegiate Athletic Ass’n v. Associated Press, 18 So.3d 1201, 1206 (Fla. 1st DCA 2009). However, this general principle of statutory construction does not give the courts free rein to engraft their policy judgments into the Act, nor does it authorize the courts to expand the requirements of the Act beyond its plain language. See Rush, 82 So.3d at 1110 (stating in a public records case that “[cjourts are ‘without power to construe an unambiguous statute in a way which wbuld extend, modify, or *1146 limit, its express terms or its reasonable and obvious implications’ ”) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)); cf. Lorei v. Smith, 464 So.2d 1330, 1332 (Fla. 2d DCA) (rejecting the suggestion that the court engraft what it characterized -as a “wholly pragmatic device” into the Public Records Act in order to facilitate review of an agency’s claim that a public record is exempt from disclosure because the court recognized that the issue “is better left for. the legislature”),:review denied, 475 So.2d 695 (Fla.1985).
Here, Appellees’ complaint relied on a single statute, section 119.07(l)(e), which they claim requires DOC to “identify, for each redaction/black mark, the specific statutory basis for DOC’s claim that the information concealed by the black mark is exempt from the Public Records Law.” However, as DOC correctly argues, the plain language of this statute does not require the agency to state the basis of the exemption applicable to “each redaction.” Instead, the statute simply requires the agency to “state the basis of the exemption that [the agency] contends is applicable to the record” and to provide a statutory citation for the exemption. § 119.07(l)(e), Fla. Stat. (2014) (emphasis added). Thus, section 119.07(l)(e) plainly requires only record-by-record — not redaction-by-redaction — identification of the exemptions authorizing , the redactions in each record,
The parties have not cited, nor has our research located any other provision of the Public Records Act — or any judicial decision construing the Act — requiring the redaction-by-redaction disclosure mandated by the trial court.[4] Although there may be sound policy reasons for the Legislature to impose such a requirement, the courts do not have the authority to do so, particularly in a mandamus proceeding. See Fla. League of Cities v. Smith, 607 So.2d 397, 400-01 (Fla.1992) (“[MJandamus may be used only to enforce a right that is both clear and certain. Mandamus may not be used to establish the existence of such a right, but only to enforce a right already clearly and certainly established in the law.”) (citations omitted). Accordingly, as the trial court initially ruled,-DOC did not violate the Public Records Act when- it refused to provide Appellees a redaction-by-redaction explanation of the statutory exemptions that DOC claimed were applicable to the redacted records produced in response to Appellees’ public record request.

Conclusion

For the reasons stated above, the trial court erred in ruling that DOC was required to specify the statutory exemption relied on for each redaction on a redaction-by-redaction basis. Accordingly, the order on appeal is REVERSED.
LEWIS, J., concurs; RAY, J., concurs with opinion.

. The form, DC1-201, is incorporated by reference in Florida Administrative Code Rule 33-102.101(5) and is available online at http:// www.flmles.org/Gateway/reference. asp ?No= Ref-00951.

. Despite this, the trial court construed the "generalized request for relief” in the complaint to be seeking production of the records with fewer redactions, and after denying the specific relief sought in the complaint, the court ordered an in camera review to determine the propriety of the redactions. DOC does not challenge these rulings on appeal, and our disposition of this appeal does not preclude the trial court from conducting an in camera review on remand.

3. The order does not dictate how the agency must do this, but the trial court explained at the hearing that "[w]hat I am requiring is that there be some type of footnoting” for each redaction with numbers corresponding to a "key” or index of the statutory exemptions relied upon by the agency for the record at issue. This is similar to the "explanatory coding system for the redactions” that DOC agreed to provide the court to facilitate its in camera review of the records, and it is consistent with what Appellees’ counsel argued for — and the trial court originally rejected — at the initial hearing in this case. There, counsel argued:
What should happen first is, they [the agency] say, “Here are the reasons.” And ... if they have five exemptions, we number them 1, 2, 3, 4, 5. And then across each redaction,' because someone who redacted it knows why they redacted, they put 1, 2, 3, 4, 5, or some combinatiqn of those.
And, the trial court ruled:
But just to say ... every agency going forward, whenever they put down a redaction, has got to put a footnote next to it with a number that’s' linked to an index or linked to a log that says a 1 means this, a 2 means this, a 3 means this, that is denied as a matter of law.

. In their answer brief, Appellees disclaim any reliance on section 119.07(l)(f), which requires the agency, upon request, to “state in writing and with particularity the reasons for dle conclusion that the record is exempt or • confidential.” Accordingly, we have not considered that provision in this case.