# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3634
_____

MARGO DETTELBACH,

    Appellant,

    v.

DEPARTMENT OF BUSINESS AND
PROFESSIONAL REGULATION,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Charles Dodson, Judge.

December 10, 2018

JAY, J.

Appellant alleges that the trial court erred in denying her petition for writ of mandamus to compel the Department of Business and Professional Regulation to produce a document that she claimed was improperly withheld in response to her request under the Public Records Act. Because the Department properly withheld a document that was exempt from disclosure until the conclusion of adversarial administrative proceedings, we affirm.

I.

In November 2013, over two years after Appellant filed a complaint against Dr. Ellen Fannon with the Department's Board of Veterinary Medicine, a Veterinary Medicine probable cause

panel made a probable cause finding and directed the Department to file a formal complaint against Fannon. The Department served the complaint on Fannon the following month, but did not forward it to the Division of Administrative Hearings. In April of 2014, the probable cause panel met again and found probable cause to initiate disciplinary proceedings against Fannon.

On October 26, 2015, the Department's counsel, Elizabeth Henderson, informed Appellant's counsel that the matter would be presented to the probable cause panel for reconsideration on October 28, 2015. That same day, Appellant's counsel responded by sending a public records request via email seeking "to examine any documents that have been provided to the probable cause panel regarding this matter since the last meeting."

The next day, the Department responded to the request with the following qualifier: "Documents considered confidential under the guidelines of Section 286.011(8), F.S. have not been included as that information is considered attorney-client materials." The Department's response also stated: "Please be advised that DBPR **does not monitor** requests that have been closed. If a requestor desires to seek additional information, we recommend the creation of a new request." (Emphasis in original).

Appellant's counsel sought further clarification by asking: "Ms. Henderson—based upon the response to my public records request, no documents regarding the complaint against Dr. Fannon have been provide[d] to the probable cause panel, is that correct? Not even an agenda?" Henderson responded:

> Your request was for documents that have been provided to the panel since the last time the panel considered the case. That was in April of 2014. Other than the communication between Mr. Bayo [Fannon's attorney] and Ms. Senn [Henderson's assistant], the only other thing that was added to the file was your public records request of October 27, 2014, for any documents that had been added to the file since you had made your previous public records request.

Henderson also stated that if Appellant's counsel wanted the entire 1200-page file again to "let us know, and you will be

provided with an estimate for the cost of producing that to you." Appellant's counsel responded that she did not want the entire file, only new materials.

On October 28, 2015, the meeting of the probable cause panel was conducted telephonically. During the meeting, one of the panel members mentioned Henderson's recommendation that the case be closed due to insufficient evidence. Henderson responded:

> In preparation for considering referring this case for trial, interviewing the expert, going more carefully through the materials, it looked like we were—we felt fairly solid perhaps on the medical records the more we picked apart at that and interviewed our expert. The Department's in a position now where we do not feel like this case would be something, frankly, that would be a case we would win at the Division. And our recommendation to you at this point is to close the case, because we just do not have enough evidence to overcome our burden at the Division.

After further discussion, the panel members voted to dismiss the case.

Shortly after the meeting, Appellant's counsel emailed Henderson: "I asked repeatedly for copies of what had been provided to the pc panel. Why was I not given a copy of your recommendation that the case be dismissed?" Appellant received the following response:

> Please be advised that certain discussions and correspondence between attorney and client—in this instance the attorney is Ms. Henderson and the client is the Board of Veterinary Medicine—may be excluded from public review under the guidelines of Section 286.011(8), F.S. It is the belief of the Department that this information falls within the protections of this Section.

On October 29, 2015, Henderson entered an order closing the case without further prosecution.

On June 25, 2017, Appellant filed in Leon County circuit court a petition for writ of mandamus seeking the Department's

production of public records improperly withheld, asserting that section 286.011(8) did not exempt production of the records. Appellant also sought an award of attorney's fees and costs. The trial court issued an order directing the Department to show cause why it should not grant the petition.

On June 30, 2017, the Department provided Appellant's counsel with two memoranda authored by Henderson, the first dated February 26, 2014, and the second dated October 2, 2015. The second memorandum stated in pertinent part: "<u>Department recommends reconsideration of the case in light of the fact that, while probable cause was originally properly found, in preparation for potential litigation, it has become apparent that the evidence is not sufficient to take the case to trial.</u>" (Emphasis in original).

Three days later, the Department responded to the show cause order, conceding that section 286.011(8) was not applicable and asserting for the first time that the applicable exemption was provided by section 119.071(1)(d)1., Florida Statutes, which temporarily exempted attorney work product until the conclusion of the adversarial administrative proceeding. The Department argued that Appellant was required to renew the public records request after the disciplinary case was closed on October 29, 2015. The Department further argued that Appellant did not make a timely request for the documents until she filed the mandamus petition, which was moot since the Department provided the requested documents to Appellant on June 30, 2017.

Appellant filed a reply, arguing that the hearing before the probable cause panel on October 28, 2015, was not an adversarial administrative proceeding and that Henderson's memorandum was not prepared for imminent adversarial administrative proceedings. Subsequently, the trial court held a hearing on the petition, which the parties concede was not transcribed.

The trial court entered a final order denying Appellant's petition for writ of mandamus. The court agreed with the Department that the Henderson memorandum was work product and exempt from disclosure until the conclusion of the administrative adversarial proceeding, i.e., the entry of the order closing the disciplinary case against Fannon on October 29, 2015, after which Appellant was required to renew her request for the

document. Accordingly, the court concluded that the Department did not unlawfully withhold the document and that Appellant was not entitled to attorney's fees and costs. This appeal followed.

## II.

"In Florida, access to public records is constitutionally guaranteed and enforced through the Public Records Act." *Lake Shore Hosp. Auth. v. Lilker*, 168 So. 3d 332, 333 (Fla. 1st DCA 2015). The Public Records Act is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose. *Lightbourne v. McCollum*, 969 So. 2d 326, 332-33 (Fla. 2007); *Rameses, Inc. v. Demings*, 29 So. 3d 418, 421 (Fla. 5th DCA 2010). The state has the burden of showing that requested documents fall within the statutory requirements for exemption from disclosure under the Act. *Lightbourne*, 969 So. 2d at 333; *Barfield v. Sch. Bd. of Manatee Cty.*, 135 So. 3d 560, 562 (Fla. 2d DCA 2014). Where purely legal issues are involved as to whether a document is a public record and subject to disclosure, the de novo standard of review applies on appeal. *Rhea v. Dist. Bd. of Trs. of Santa Fe Coll.*, 109 So. 3d 851, 855 (Fla. 1st DCA 2013).

## A.

Appellant claims that the Department improperly withheld the Henderson memorandum in response to her request under the Public Records Act. Although the Department initially asserted that the document was an attorney-client communication exempt from disclosure under section 286.011(8), Florida Statutes (2015), it subsequently conceded that section 286.011(8) was not applicable. Instead, it asserted that the Henderson memorandum was properly withheld under section 119.071(1)(d)1., Florida Statutes (2015), which provides in pertinent part:

> A public record that was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record) or prepared at the attorney's express direction, that reflects a mental impression, conclusion, litigation strategy, or legal theory

5

of the attorney or the agency, and that was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or that was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution until the conclusion of the litigation or adversarial administrative proceedings.

The Department claimed that Appellant was not entitled to the document until the conclusion of the adversarial administrative proceeding on October 29, 2015—when the case was closed without further prosecution—and that Appellant did not make a "ripe" request for the document until she filed the mandamus petition, which was rendered moot when the Department provided the requested document to Appellant on June 30, 2017. Although the Department's production of the document mooted Appellant's request for production, the trial court still had to determine whether the Department's withholding of the document until suit was filed was unlawful, entitling Appellant to an award of attorney's fees and costs. *Schweickert v. Citrus Cty. Fla. Bd.*, 193 So. 3d 1075, 1079 (Fla. 5th DCA 2016); *Mazer v. Orange Cty.*, 811 So. 2d 857, 859 (Fla. 5th DCA 2002).

Appellant claims that the Department could not withhold the Henderson memorandum under section 119.071(1)(d)1. because the memorandum recommended the dismissal of the case against Dr. Fannon at a meeting of the probable cause panel, which was not an adversarial administrative proceeding. The probable cause panel's decision whether to initiate a disciplinary action under section 455.225, Florida Statutes, is not subject to the requirements of section 120.57, Florida Statutes—which governs adversarial administrative proceedings—because a probable cause determination may be made without the licensee's presence. *Dep't of Prof'l Regulation, Div. of Real Estate v. Toledo Realty, Inc.*, 549 So. 2d 715, 719 (Fla. 1st DCA 1989). However, section 120.57 does apply to disciplinary proceedings instituted under section 455.225 once the probable cause panel makes a determination of probable cause and directs the Department to file a complaint or issue a letter of guidance in lieu of a complaint. *See Brown v. Dep't of Prof'l*

*Regulation, Bd. of Psychological Exam'rs*, 602 So. 2d 1337, 1139-40 (Fla. 1st DCA 1992).

Thus, adversarial administrative proceedings were instituted once the probable cause panel found probable cause and directed the Department to file a formal complaint against Fannon. Henderson's subsequent memorandum to the probable cause panel—which contained Henderson's opinion regarding the strength of the Department's evidence against Fannon—was prepared exclusively for adversarial administrative proceedings relating to the discipline of Fannon. To the extent Henderson recommended that the case against Fannon be dismissed, this did not negate the adversarial nature of the administrative proceedings because the probable cause panel was authorized under section 455.225(2) to continue the prosecution regardless of Henderson's recommendation.

## B.

The section 119.071(1)(d)1. exemption "extends to those records that contain [an] attorney's mental impressions, litigation strategy, or legal theory and are prepared exclusively for litigation or in anticipation of imminent litigation." *Lightbourne*, 969 So. 2d at 332. Although it does not use the term "work product," the exemption is analogous to the work product privilege, which "protects documents and papers of an attorney . . . prepared in anticipation of litigation." *Marshalls of M.A., Inc. v. Witter*, 186 So. 3d 570, 573 (Fla. 3d DCA 2016). It is very similar to opinion work product which "consists primarily of the attorney's mental impressions, conclusions, opinions, and theories . . . ." *State Farm Mut. Auto. Ins. Co. v. Knapp*, 234 So. 3d 843, 849 (Fla. 5th DCA 2018) (citation omitted). "[B]ecause proper representation demands that counsel be able to assemble information and plan her strategy without undue interference, opinion work product is generally afforded absolute immunity." *Acevedo v. Doctors Hosp., Inc.*, 68 So. 3d 949, 953 (Fla. 3d DCA 2011); *see also Andrews v. State*, 243 So. 3d 899, 902 (Fla. 2018).

Here, it was important that Henderson's memorandum remain exempt from disclosure during the pendency of the adversarial administrative proceedings because disclosure of Henderson's opinion regarding the strength of the Department's

7

case could have prejudiced any effort by the probable cause panel to continue prosecution of the case—if it had chosen to do so. *See, e.g., Andrews,* 243 So. 3d at 901-02 ("Requiring a defendant to reveal . . . the name of an expert witness whom the defendant may wish to consider calling, along with the reasons why th[e] witness may be of value to the defense, is 'contrary to the work-product doctrine because it would serve to highlight the thought processes and legal analysis of the attorneys involved.'") (citation omitted)*; Butler v. Harter,* 152 So. 3d 705, 712 (Fla. 1st DCA 2014) ("[T]he decision-making strategy and opinions behind petitioner's proposal for settlement includes 'opinion' work product, which is never discoverable.").

## C.

Even if the exemption of section 119.071(1)(d)1. was applicable to Henderson's memorandum, Appellant asserts that the Department violated the Public Records Act by failing to reveal that the document existed and by failing to provide it to Appellant in a redacted form.  In doing so, she cites section 119.07(1), Florida Statutes (2015), which provides in pertinent part:

> (d) A person who has custody of a public record who asserts that an exemption applies to a part of such record shall redact that portion of the record to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and copying.

> (e) If the person who has custody of a public record contends that all or part of the record is exempt from inspection and copying, he or she shall state the basis of the exemption that he or she contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute.

Contrary to Appellant's assertion, there is nothing in the statute that expressly requires the Department to identify each document that it asserts is exempt under the Public Records Act. *See, e.g., Lopez v. State,* 696 So. 2d 725, 727 (Fla. 1997) (rejecting defendant's claim that the state attorney failed to adequately

8

identify any statutory exemptions under the Public Records Act where "the state attorney claimed that the *withheld documents* were work product and not public records") (emphasis added). This court has cautioned that although the Public Records Act is to be construed liberally in favor of the state's policy of open government, "this general principle of statutory construction does not give the courts free rein to engraft their policy judgments into the Act, nor does it authorize the courts to expand the requirements of the Act beyond its plain language." *Jones v. Miami Herald Media Co.*, 198 So. 3d 1143, 1145 (Fla. 1st DCA 2016). The merit of imposing a duty on the Department to identify each document in a record that it asserts to be exempt under the Act— similar to the generation of a privilege log in response to a civil discovery request—is a matter properly addressed to the legislature rather than this court.[*] *See, e.g.*, *Jones*, 198 So. 3d at 1146-47 ("[A]s DOC correctly argues, the plain language of this statute does not require the agency to state the basis of the exemption applicable to 'each redaction.' Instead, the statute simply requires the agency to 'state the basis of the exemption that [the agency] contends is applicable to the record' and to provide a statutory citation for the exemption.").

To the extent Appellant claims that the Department should have provided the Henderson memorandum in redacted form, there is nothing in the record that shows that Appellant made this argument below. Appellant's position was that the Department violated the Public Records Acts by withholding the entire memorandum, not just portions of it. The Department's response

---

[*]For comparison, Florida Rule of Civil Procedure 1.280(b)(6) provides: "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly *and shall describe the nature of the documents, communications, or things not produced or disclosed* in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." (Emphasis added). The highlighted language is not included in the Public Records Act.

9

was that the entire memorandum was exempt. Thus, the possibility that only a portion of the memorandum was exempt was not before the trial court and cannot be raised for the first time on appeal. *See Aills v. Boemi*, 29 So. 3d 1105, 1109 (Fla. 2010) (holding that the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal); *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) (holding that an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved).

## III.

Because the Department did not improperly withhold the Henderson memorandum under section 119.071(1)(d)1., Appellant was not entitled to attorney's fees and costs. *See* § 119.071(1)(d)2., Fla. Stat. (2015) ("If a court finds that the document or other record has been improperly withheld under this paragraph, the party seeking access to such document or record shall be awarded reasonable attorney's fees and costs in addition to any other remedy ordered by the court."); § 119.12. Fla. Stat. (2015) ("If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees."). Accordingly, we affirm the trial court's order in all respects.

AFFIRMED.

WOLF and WINSOR, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

10

Marcy I. LaHart, Micanopy, for Appellant.

Ross Marshman, Chief Appellate Attorney, Department of Business and Professional Regulation, Tallahassee, for Appellee.